SWIFT, Judge.
This suit has been brought by Robert Peloquin, individually and on behalf of his two minor children, and by his wife, Ruth D. Peloquin, to recover damages for the conversion of their pet cat, George, which was alleged to have been trapped and destroyed by euthanasia. Named as defendants are Mr. and Mrs. Joseph Linscomb, State Farm Fire & Casualty Company (State Farm), the Linscombs’ liability insurer, the Calcasieu Parish Police Jury and the United States Fidelity & Guaranty Company (USF&G), the police jury’s liability insurer.
Defendants filed exceptions of no cause of- action and no right of action. The trial judge maintained these exceptions insofar as the claims for damages for mental anguish, pain and suffering resulting from the alleged conversion of the cat were concerned; thus, limiting plaintiffs’ action to damages for the value of the cat. This court reversed and remanded, 367 So.2d 1246 (La.App. 3 Cir. 1979).
On remand, following a bifurcated trial, the trial judge found in favor of the Calca-sieu Parish Police Jury and the trial jury held in favor of the Linscombs, State Farm, and USF&G. From the adverse judgments, plaintiffs have appealed. We affirm.
The evidence reflects that the Linscombs had been having problems for several months with one or more cats climbing on their car and scratching the paint. In November, 1977, Mrs. Linscomb contacted the Calcasieu Parish Animal Control Center, a department or agency of the Calcasieu Parish Police Jury, in order to obtain a trap to catch the cat. Mr. Linscomb set'the trap two nights and on or about November 15, 1977, caught a cat which was picked .up by an employee of the animal control center and put to sleep.
The plaintiffs testified their pet cat, George, disappeared that same night. They *561 contended the cat trapped by the Linscombs and put to sleep by the animal control center was their cat and that the defendants committed acts constituting conversion of their property.
In the present case five persons saw the trapped cat. Of these, three, Mr. and Mrs. Linscomb and Ferdis Térro, stated positively that it was not the same as the plaintiffs’ cat in the pictures shown to them. One, John Cart, merely testified he could not identify the cat in the trap or the pictures. The other, Kenneth W. Thibodeaux, said it was possible the cat in the trap was the same as the one in the picture shown him by Mrs. Peloquin, but he thought the former had a “bob tail”. George had a long tail. Plaintiffs introduced no direct evidence or testimony to the effect that the trapped cat was George. Their case was based principally on circumstantial evidence that their cat disappeared about the same time the cat was trapped by Linscombs, some similarity in their appearance and attempts to impeach the testimony of the Linscombs and their witnesses.
The jury found as a fact that the animal trapped by the Linscombs was not the plaintiffs’ cat, George, but was a different one.
The law is well settled that findings of fact which are reasonably supported by the record should not be disturbed on appeal unless they are clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
Our review of the record indicates ample support for the jury’s finding and certainly we cannot say that its verdict was clearly wrong.
In ruling that the Calcasieu Parish Police Jury had breached no duty to the plaintiffs the trial judge said, “. . . the Police Jury did act reasonable and proper under the circumstances of this case, and I find that they cannot be held liable to the Pelo-quin family for the death of a cat, which may or may not have been the cat named George”.
We find it unnecessary to determine the question of the duty owed the Peloquins by the police jury or the appellants’ other specifications of error as, like the trial jury, we do not believe the plaintiffs have proved by a preponderance of the evidence that the animal put to sleep was in fact their cat, George.
Accordingly, the judgments of the trial court are affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.